ELMER E. ALEXANDER et al., Copartners under the Firm Name of DAVIS, REID & ALEXANDER, Respondents, v. AMERICAN ENCAUSTIC TILING COMPANY (LIMITED), Appellant.

Patents — royalties — when licensee to manufacture and sell a patented combination cannot manufacture and sell, separately, an essential part of the combination without paying royalties thereon — evidence — harmless exclusion of technical evidence.

1. When one makes and sells one element of a patented combination with the intention and for the purpose of bringing about its use in such a combination, he is guilty of contributory infringement, and is equally liable with him who in fact organizes the completed combination.

2. Where a party, in consideration of a license to make and sell " circular tile mentioned in and covered by " certain letters patent, agreed to pay royalties on such " circular tile," whether mounted on paper, in bulk or otherwise, the licensee has no right to manufacture or sell, without the payment of royalties thereon, " circular disks," which are, as the evidence herein shows, a constituent element of the patented combination, and were manufactured for the purpose of producing tiling such as was covered by the letters patent.

3. At the close of the plaintiff's case in an action to recover such royalties, a motion was made to dismiss the complaint on various grounds and denied.   Defendant then called a witness and asked

him a question, which was objected to and excluded. Plaintiff's counsel asked for a direction of a verdict, and to such direction defendant's counsel made no objection, but expressly conceded that under the ruling of the court on the question of evidence and the judge's theory of the case there was nothing to go to the jury. *Held*, that even if the evidence did present a question of fact, the right to have that question submitted to the jury was lost by defendant's counsel, and further that defendant was not injured by the ruling of the court in excluding the evidence offered, which was not material to the issue. A party cannot lay the foundation for material and competent questions by asking those which are immaterial or incompetent.

*Alexander* v. *American Encaustic Tiling Co.*, 144 App. Div. 931, affirmed.

(Argued October 31, 1912; decided January 21, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 24, 1911, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court, and also affirming an order of Special Term sustaining a demurrer to separate defenses and counterclaims set up in the amended answer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Charles A. Flammer* and *Ralph M. Frink* for appellant. It was error to exclude proffered testimony of Nicklin to show that defendant had not manufactured and sold the tiling on which the plaintiffs sought to recover royalties. (*Feldman* v. *McGraw*, 1 App. Div. 574; *S. C. Bank* v. *King*, 44 N. Y. 87; *Clark* v. *Dillon*, 97 N. Y. 370; *Lossing* v. *Cushman*, 195 N. Y. 386; *King* v. *Leighton*, 100 N. Y. 386; *Genet* v. *D. & H. C. Co.*, 136 N. Y. 593; Bigelow on Estoppel [5th ed.], 574; *White* v. *Ashton*, 51 N. Y. 280; *Pratt* v. *Ano*, 7 App. Div. 494, 500; *Baker* v. *Ins. Co.*, 43 N. Y. 283; *Dutchess Tool Co.* v. *Kolb*, 44 App. Div. 624.) It was error to refuse to dismiss the complaint and error to direct a verdict. (*Phil-*

lips v. *City of Detroit*, 111 U. S. 604; *Brown* v. *District of Columbia*, 130 U. S. 83; *N. Y. B. & P. Co.* v. *Sierer*, 158 Fed. Rep. 879; *Hyatt* v. *Ingalls*, 124 N. Y. 93; *Williams Calk Co.* v. *Neverslip Co.*, 156 Fed. Rep. 210.)

*J. Ard Haughwout* for respondents. The appellant covenanted to pay, and the complaint seeks to recover, royalties on " circular tile disks " and not on a "mosaic." (*Williams* v. *Gridley*, 110 App. Div. 525; *Woolsey* v. *Funks*, 121 N. Y. 87; *Sattler* v. *Hallock*, 160 N. Y. 291.) The contract to pay royalties on circular tile disks was valid and enforceable. (*Hamer* v. *Sidway*, 124 N. Y. 538; *Earle* v. *Peck*, 64 N. Y. 596; *Stettheimer* v. *Killip*, 75 N. Y. 282; *Worth* v. *Chase*, 42 N. Y. 362; *Sykes* v. *Chadwick*, 85 U. S. 141; *H. B. F. Co.* v. *Eureka Specialty Co.*, 77 Fed. Rep. 288; *Trent* v. *R. I. & L. Works*, 102 Fed. Rep. 635; *Goodyear S. M. Co.* v. *Jackson*, 112 Fed. Rep. 146; *B. E. & Mfg. Co.* v. *W. E. & Mfg. Co.*, 129 Fed. Rep. 105; *Rupp & Wittenfeld Co.* v. *Elliott*, 131 Fed. Rep. 730.) The proffered testimony of Nicklin was properly excluded. (*M. L. Ins. Co.* v. *Bender*, 124 N. Y. 47; *Bowman* v. *Taylor*, 2 Ad. & El. 142; *Ins. Co.* v. *Maury*, 96 U. S. 544; *Andrews* v. *Sanders*, 72 Fed. Rep. 666; *Sproull* v. *Pratt & Whitney Co.*, 97 Fed. Rep. 807; *Eureka Co.* v. *Bailey Co.*, 78 U. S. 488; *D. T. Co.* v. *Kolb*, 44 App. Div. 624; *Saxton* v. *Dodge*, 57 Barb. 84; *Bliss* v. *Negus*, 8 Mass. 46.) It was not error to refuse to dismiss the complaint or to direct a verdict for the plaintiffs. (*Westervelt* v. *Phelps*, 171 N. Y. 212; *People ex rel. Gleason* v. *Scannel*, 172 N. Y. 316; *Hopkins* v. *Clark*, 158 N. Y. 299; *Union Pacific Railway Co.* v. *Daniels*, 152 U. S. 684; *Columbia & Puget Sound R. R. Co.* v. *Hawthorne*, 144 U. S. 202, 206; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Wagner* v. *Grimm*, 169 N. Y. 421; *Littlejohn* v. *Shaw*, 159 N. Y. 188; *Pollock* v. *Pa. Iron Works Co.*, 157 N. Y. 699; *McDowell* v. *Syracuse Land & S. Co.*, 44 Misc. Rep. 627.)

HISCOCK, J.   The respondents have recovered a judgment for royalties under an agreement permitting the appellant to make and sell tile for flooring and other purposes.   The appellant claims that what it manufactured and sold was not covered by said agreement or by the patents on which said agreement rested.

The respondents became the owners by assignment or otherwise of two letters patent.   The first of these was issued to cover an alleged new and useful design " for a tile."   The specifications attached to said letters stated that the essential feature of the design consisted " in circular disks A (referred to in the design) embedded in the binding material B, and arranged one alongside the other, and with their peripheral surfaces in contact to form on the face of the tile triangular figures C, of the material B, between adjacent disks A."

The second letters patent covered an alleged new and useful improvement in " tiling for floors, walls, ceilings, fire places, etc."   The specifications attached to said letters patent stated that the invention consisted " principally of tiling comprising small disks embedded in cement or other binding material and with the peripheral surfaces of the tiles in contact with each other and a filling or binding material in which the said disks are embedded and which fills the triangular spaces between the adjacent disks to bind the same at their edges and to form part of the design of the tile at the top surface thereof."   It is important in this controversy to note that these specifications constantly refer to the completed article produced by the combination of all the elements as " tile " or " tiling " and to the principal element used in producing it as " disks " or " tile-disks," and, also a matter of some importance in subsequent discussion, the specifications point out that these disks may be " laid singly in the binding material " or " in sections assembled and pasted on paper."

After the issue of said letters an agreement was made

between the respondents and the appellant which, after reciting that the former were the owners of said letters patent and the latter was desirous of making and selling "circular tile mentioned in and covered by each of said patents and has requested from said party of the first part (respondents) a license so to do," amongst other things granted to the appellant a license "to make and sell circular tile mentioned in and covered by each of said patents during the term thereof (hereof)," and obligated respondents to furnish assistance in making designs of "circular tile" and to inform appellant "as to the methods used by said firm (respondents) of putting and arranging circular tile on paper." And it obligated the appellant on its part, amongst other things, to pay as royalty a certain per cent of the price at which it might "sell or consign for sale any such circular tile referred to and covered by said patents and each of them, whether mounted on paper, in bulk or otherwise;" also to sell and invoice all such "circular tile" under the name of the "Alexander Patent" and stamp "each such circular tile" with the word "patent" or "patented."

For some time after the execution of this agreement appellant without objection paid satisfactory royalties on the product which it manufactured and sold under the assumed license of this agreement. But after a time it took the position that the simple earthenware disks used in manufacturing or producing the tiling referred to in the letters patent as already quoted when sold by themselves rather than as part of the entire design or product covered by said letters did not come within the purview of the agreement and, therefore, did not call for the payment of any royalties which it thereupon refused to pay, and the underlying issue between the parties on this appeal springs from this contention. The respondent claims that such circular disks do come within the terms of the agreement and the courts below sustained this view.

In seeking a determination of the controversy I shall consider, *first*, the meaning of the contract between the parties; *second*, the acts of the appellant in manufacturing and selling certain articles as bringing it or not within the requirements of the agreement to pay royalties, and, *lastly*, what questions the appellant is able to present to us in view of the manner in which its trial counsel allowed the case to be disposed of at the Trial Term.

While it is stated by counsel that the agreement between the parties was "no business man's agreement," but was prepared with great care, it constantly falls into a confusion of terms which has provoked some uncertainty and much discussion as to its meaning. As the quotations already made show, it grants a license by the respondents to the appellant to make and sell "circular tile mentioned in and covered by each" of the patents referred to. It then imposes upon the appellant the obligation to pay a royalty upon the sale of "any such circular tile referred to and covered by such patents and each of them, *whether mounted on paper, in bulk or otherwise.*"

The letters patent and specifications show that the design patented and owned by respondents did not at all consist of a "circular tiling," but that the tiling thus patented was composed in part of circular "disks." Therefore, when the granting clause of the agreement gave to appellant the right to make and sell "circular tile mentioned in and covered by" said letters patent, the phrase as a whole perhaps might be construed as defining the completed tiling composed of all the different elements covered by the patent. But the clause by which the appellant agrees to pay royalties on "circular tile, *whether mounted on paper, in bulk or otherwise,*" can only be construed as meaning and contemplating that the appellant should pay royalties on the manufacture and sale of circular "disks" whether they are mounted on paper for use, as outlined in the specifica-

tions, or were sold in bulk, that is, as disconnected, detached pieces. This clause would not with any aptness describe completed tiling.

Therefore I agree with the contention of the respondents that appellant in terms has agreed to pay royalties on the manufacture and sale of disks. But this provision and obligation is to be construed with reference to the other provisions of the contract and the situation of the parties. Respondents had patents on tiling, a composite production, and there was no patent on disks as an isolated article. They were only covered by the patents when used as an element in producing the completed design which was patented. The respondents were trying to give and the appellant to obtain a license to make something which the former controlled by their patents, and, therefore, when the appellant agreed to pay royalties on disks I think there must be implied that this agreement applied only in case the disks were made and sold for the purpose of being used in producing the patented article and that it would not compel the payment of royalties on the sale of mere disks if made for some purpose entirely apart from and disconnected with respondents' patents. This construction gives an harmonious and intelligent meaning to the contract as a whole, and it applies, as creating a sufficient necessity for the license, the principle of the well-settled rule that when one without license makes and sells one element of a patented combination with the intention and for the purpose of bringing about its use in such a combination, he is guilty of contributory infringement and is equally liable with him who in fact organizes the completed combination. (*Thomson-Houston Electric Co.* v. *Ohio Brass Co.*, 80 Fed. Rep. 712; *Rumford Chemical Works* v. *N. Y. Baking Powder Co.*, 136 Fed. Rep. 873; *Loew Filter Co.* v. *German-American Filter Co.*, 107 Fed. Rep. 949; *Victor Talking Machine Co.* v. *Leeds & Catlin Co.*, 150 Fed. Rep. 147.)

In fact it is conceded by the appellant that if otherwise valid this contract would compel the payment of royalties on the manufacture and sale of completed tiling as specified in the letters patent and also on the manufacture and sale of disks intended to be used by others in the manufacture of such tiling.

Without referring to it in detail the evidence permits the conclusion, at least as a matter of fact, that for over seven years after the execution of the contract the appellant manufactured and sold circular disks for the purpose of being used by others as an element in producing tiling such as was covered by the respondents' letters patent and such as was within the terms of the agreement, and paid royalties thereon. It also permits the inference that after the expiration of that period, although appellant served notice that it would no longer pay royalties, it continued to manufacture and sell circular disks for the same purpose as before. There was no question whatever about the manufacture and sale of these disks, and there really was no claim on the trial that the appellant after it refused to pay royalties was not manufacturing and selling them for the purpose of tiling covered by respondents' letters patent. There was no suggestion then and there is no definite one now that such disks were ever used for any other purpose or in any other way, or that in manufacturing and selling them appellant contemplated anything else than that they would be used for such purposes, and if this is so, as already indicated, the obligation to pay royalties followed so far as this feature is concerned.

At the close of the plaintiffs' case a motion was made to dismiss the complaint on various grounds and denied. Appellant then called a witness and after qualifying him asked him the following question:

" Q. Did the American Encaustic Tiling Company between the 24th day of February, 1906, and the 15th day of August, 1907, make or sell, manufacture and sell

or consign a tiling consisting of circular disks embedded in binding material, arranged one alongside the other, with their peripheral edges in contact so as to form triangular figures between the disks ? "

This question having been objected to and excluded, plaintiffs' counsel asked for a direction of a verdict, and to such direction appellant's counsel not only made no objection, but expressly conceded that under the ruling of the court on said question and the judge's theory of the case there was nothing to go to the jury.

Therefore, even if the evidence did present a question of fact concerning the purpose of appellant in making and selling these circular disks, the right to have that question submitted to the jury was lost by appellant's counsel, and the only inquiry left is whether the appellant was injured by the ruling of the court in excluding an answer to the question which is quoted. If I am right in my view of the law it was not so injured. It made no difference in appellant's obligation to pay royalties whether it manufactured and sold circular disks worked into the completed tiling or design covered by the latters patent or whether it manufactured and sold these disks to other persons for such purpose. The respondents made no claim for royalties on the sale of a completed design of tiling, such as is described in this question. Their only demand in the complaint and by their evidence was because of the sale of what was denominated " circular tile," and which, as I have already pointed out, must be construed as meaning circular disks. Therefore, it was utterly unresponsive to this claim to call for the evidence suggested by the question which was asked. Nor can the defendant successfully urge that it was prevented from asking questions which might have elicited material testimony because it was prohibited from asking an entirely immaterial question and the answer to which could in no way be a basis for the other questions now suggested. It is of course true that a party cannot pro-

1913.]   Dissenting opinion, per WILLARD BARTLETT, J.   [207 N. Y.]

duce all his evidence at once, but it has never been held that he may lay the foundation for material and competent questions by asking those which are immaterial or incompetent.

Therefore, I think that the final judgment is not infected with any error committed on the trial which required its reversal.

The appeal also brings up for review an affirmance of an interlocutory judgment sustaining a demurrer to certain purported defenses and counterclaims set forth in a former answer. The appeal from this judgment seems to have been abandoned so far as it sustained the demurrer to the counterclaims, and we think that no error was committed in sustaining the demurrer to the other portions of the answer.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, J. (dissenting). I think my brother HISCOCK is right in his construction of the contract; that is to say, that it obligated the defendant to pay royalties not only on the patented tiling but also on all earthenware disks designed to be used and sold to a customer for the purpose of being used in such patented tiling.

I am unable to concur with him, however, in the view that "the final judgment is not infected with any error committed on the trial which requires its reversal." I think that the question asked of the witness Richard Nicklin was a proper one, and that the objection to it should not have been sustained. The defendant was entitled to show, if it could, that it had not violated the contract either by making and selling the completed tiling covered by the patent or the separate disks for the purpose of being used in such tiling. The fact that the testimony sought to be elicited by this question related only to the first point and not the second did not make it inadmissible. A party is not obliged to prove his whole

case or defense at one stage of his case or by the testimony of one witness. The exclusion of this evidence was obviously based upon the proposition that the defendant was estopped from introducing any proof to sustain its defense, and this view seems to me clearly erroneous.

This appeal also brings up for review the affirmance of a judgment sustaining the plaintiff's demurrer to certain defenses set up in the answer. I think that the second of these defenses was sufficient in law, and that it was error to deprive the appellants of the benefit thereof.

For these reasons I feel obliged to dissent.

GRAY, WERNER, CHASE and COLLIN, JJ., concur with HISCOCK, J.; WILLARD BARTLETT, J., reads dissenting opinion; CULLEN, Ch. J., absent.

Judgment affirmed.